**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILLIAM MARTIN,<br><br>Plaintiff,<br><br>- v -<br><br>THE NEW YORK PUBLIC LIBRARY, ZENA GEORGE, CHARMAINE MCFARLANE, BEN SAPADIN, TERRANCE NEAL, AND JESSICA ROSENTHAL,<br><br>Defendants. | Civil Action No. 1:24-cv-07972<br><br>Removed from the Supreme Court of the State of New York, County of Kings<br><br>State Court Index No. 525645/2024 |

**NOTICE OF REMOVAL**

Defendants The New York Public Library,[1] Zena George, Charmaine McFarlane, Ben Sapadin, Terrance Neal, and Jessica Rosenthal, for their Notice of Removal, state as follows:

1. On September 23, 2024, Plaintiff William Martin ("Plaintiff") commenced an action before the New York State Supreme Court, Kings County, Index No. 525645/2024, against Defendants The New York Public Library, Zena George, Charmaine McFarlane, Ben Sapadin, Terrance Neal, and Jessica Rosenthal ("Defendants"), by filing: a Summons with Notice and Verified Complaint ("Complaint"), along with other supporting documents. The Summons with Notice and Complaint are attached to the Declaration of Nicholas M. Reiter, Esq. ("Reiter Decl.") as Exhibits A and B, respectively.

2. On November 5, 2024, Defendants voluntarily accepted service of the Complaint and Plaintiff consented to the adjournment of Defendants' deadline to move, answer, or otherwise respond to the Complaint through December 23, 2024. *See* Ex. K to Reiter Decl.

[1] Defendant The New York Public Library's full and accurate name is The New York Public Library, Astor, Lenox and Tilden Foundations.

3. In the Complaint, Plaintiff alleges causes of action for: (i) "discrimination" (*see* Ex. B to Reiter Decl. ¶¶ 57-80); (ii) "workplae [sic] harassment" (*see id.* ¶¶ 81-87); (iii) "intentional infliction of emotional distress" (*see id.* ¶¶ 88-92); (iv) "negligent infliction of emotional distress" (*see id*. ¶¶ 93-97); (v) "defamation" (*see id*. 98-104); and (vi) an order granting him a medical leave of absence pursuant to the federal Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") (*see id*. ¶¶ 105-110).

4. Plaintiff does not identify a specific federal, state, or city statute under which he seeks relief for alleged discrimination, workplace harassment, intentional infliction of emotional distress, negligent infliction of emotional distress, or defamation. As a result, Defendants cannot at this time ascertain whether the Court has federal question jurisdiction over those claims.

5. Plaintiff does, however, identify a federal statute for his sixth cause of action. In that claim, Plaintiff alleges that he was unlawfully denied a medical leave pursuant to the FMLA. *Id.* ¶¶ 105-110; *see also id*. ¶¶ 44-48.

6. Plaintiff also identifies the FMLA in the second "Wherefore" paragraph in the Complaint, in which he seeks an injunction to enjoin the denial of his "request for a FMLA Leave." *See id.* at 10.

7. In light of the foregoing, Defendants seek removal of this case to federal court because this Court has original federal question jurisdiction over this action under 28 U.S.C. § 1331. As set forth above, the Complaint alleges violations of the FMLA. The FMLA is a law of the United States and Act of Congress affecting commerce. *See* 29 U.S.C. §§ 2601 *et seq.* Consequently, the case is removable to this Court pursuant to 28 U.S.C. § 1441(a).

8. Moreover, the Court has supplemental jurisdiction over the entire case pursuant to 28 U.S.C. § 1367 because all of Plaintiff's claims are related and arise from a common nucleus of

operative fact. For example, Plaintiff's allegations of discrimination and harassment based upon his alleged disability are related to the alleged denial of his medical leave, insofar as he alleges that he was entitled to FMLA leave on account of his alleged disability. Plaintiff also alleges that his emotional distress damages arise, at least in part, from the Defendants' failure to accommodate his disability, which Defendants understand to include the alleged denial of FMLA leave.

9. Further, based on their review of the Complaint, Defendants reasonably anticipate that Plaintiff intended to file his "discrimination" and "workplace harassment" claims under federal law. However, he omitted any mention of a statute (whether federal, state, or city law) for those claims. In any case, at a minimum, the sixth cause of action in the Complaint for alleged FMLA violations specifically seeks relief pursuant to a federal statute.

10. This Notice of Removal has also been timely filed. Defendants were first served with the Summons and Complaint on November 5, 2024. *See* Ex. C to Reiter Decl. Accordingly, their deadline to remove the case is December 5, 2024. Therefore, Defendants have timely filed this Notice of Removal because it is within 30 days of being served with the Summons and Complaint. 28 U.S.C. §1446(b)(3); *see, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Peterkin v. FedEx Freight, Inc.*, No. 20-CV-04439-EK-JRC, 2021 WL 5508093, at *6 (E.D.N.Y. Sept. 14, 2021) (citing *Murphy Bros.* and holding that the 30-day removal period ran from defendant's acceptance of service of process via stipulation between counsel), *adopted in full by* 2021 WL 4520032 (E.D.N.Y. Oct. 4, 2021).

11. Defendants have not participated in the State Court Action, apart from the signature and filing of the Stipulation attached hereto as Exhibit K.

12. No previous application has been made for the relief requested herein.

13. Removal to this Court is proper because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Therefore, this action is properly removed to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 112(c).

14. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of all process, pleadings, and orders are attached as exhibits to the declaration of Nicholas M. Reiter. The State Court Action has not involved any proceedings, except the State Court has scheduled a hearing on December 19, 2024 regarding Plaintiff's request for injunctive relief. *See* Ex. J to Reiter Decl. Pursuant to the same scheduling order, the State Court denied Plaintiff's application for a temporary restraining order. *See id*.

15. In filing this Notice of Removal, Defendants do not waive any defenses that may be available, including, without limitation, defenses for lack of jurisdiction, improper venue, and the failure of the allegations in the Complaint to state a claim upon which relief may be granted. Defendants also do not admit any of the factual allegations in the Complaint. Defendants expressly reserve the right to contest these allegations at the appropriate time.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be concurrently served upon Plaintiff's counsel and a copy shall be promptly filed with the Clerk of the Supreme Court of the State of New York, County of Kings.

17. Federal jurisdiction is therefore appropriate pursuant to 28 U.S.C. § 1331.

WHEREFORE Defendants The New York Public Library, Zena George, Charmaine McFarlane, Ben Sapadin, Terrance Neal, and Jessica Rosenthal respectfully remove this action from the Supreme Court of the State of New York, County of Kings, to this Court pursuant to 28 U.S.C. § 1441(a).

Dated: New York, New York
November 15, 2024

**VENABLE LLP**

By: ______________________

Nicholas M. Reiter
151 W. 42nd St., 49th Floor
New York, New York 10020
(212) 370-6296 (tel.)
(212) 307-5598 (fax)

*Attorney for Defendants*